UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO RAYSHAWN PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>A. MARTINEZ, et al.,<br><br>Defendants. | 1:18-cv-00501-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 6) |

On April 16, 2018, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1 | In the present case, the court does not find the required exceptional circumstances.
2 | Plaintiff asserts that he is unable to afford counsel and his imprisonment will greatly limit his
3 | ability to litigate his case. This does not make his case exceptional. At this early stage in the
4 | proceedings, the court cannot make a determination that plaintiff is likely to succeed on the
5 | merits. Plaintiff filed the Complaint on April 10, 2018, less than two weeks ago, and the case was
6 | transferred to this court on April 12, 2018. Plaintiff's Complaint awaits the Court's screening
7 | required under 28 U.S.C. 1915. Thus, to date the Court has not found any cognizable claims in
8 | Plaintiff's Complaint for which to initiate service of process, and no other parties have yet
9 | appeared. Moreover, based on a review of the record in this case, the Court finds that Plaintiff
10 | can adequately articulate his claims for excessive force, failure to protect, and inadequate medical
11 | care, which are not complex. Therefore, Plaintiff's motion shall be denied without prejudice to
12 | renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 19, 2018**           /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE