# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO RAYSHAWN PERKINS,<br><br>    Plaintiff,<br><br> v.<br><br>A. MARTINEZ, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00501-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY REGISTERED NURSE JOHN DOE NO. 4 SHOULD NOT DISMISSED |

   Plaintiff Alonzo Rayshawn Perkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

   This action is proceeding against Defendants A. Martinez, D. C. Stewart, A. Moreno. M. R. Thomas, and B. Arrequin for excessive force and deliberate indifference to a serious medical need by withholding medical attention under the Eighth Amendment of the United States Constitution., and a separate claim of medical deliberate indifference against Registered Nurse John Doe No. 4.

   As Plaintiff was advised in the Court's May 14, 2018, order, "[t]he Court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe Defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. The United States Marshal cannot initiate service of process on unknown Defendants. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) Defendants. Crowley v.

1

Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  Once the identity of a Doe Defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe Defendant so that service by the United States Marshal can be attempted.  Therefore, the Court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains the identities of the Doe Defendants.  However, if Plaintiff fails to identify the Doe Defendant during the course of the discovery, the Doe Defendant will be dismissed from this action." (Order at 2:15-3:8, ECF No. 11.)

A court may dismiss a defendant, a claim or an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In this instance, the deadline to amend the pleadings, and the discovery cut-off deadline have passed (ECF No. 33) without Plaintiff filing anything to indicate that he has ascertained the true name of Registered Nurse John Doe No. 4.

Accordingly, IT IS HEREBY ORDERED that within **twenty-one (21)** days of the date of service of this order, Plaintiff shall show cause why Registered Nurse John Doe No. 4 and all claims against him/her should not be dismissed for Plaintiff's failure to prosecute this action against John Doe No. 4 by identifying and substituting his/her true name in this action.  The failure to comply with this order and/or or show good cause will result in the dismissal of John Doe No. 4.

IT IS SO ORDERED.

Dated:   **September 17, 2019**

_____
UNITED STATES MAGISTRATE JUDGE